# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

**FREDDIE LITTLE**                                                                       **PLAINTIFF**

vs.                                                                   No. 3:10- CV-615-CWR-LRA

**HIRSCHBACH MOTOR LINES, INC.**
an Iowa Corporation, and
**WILLIAM D. TAYLOR**                                                         **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Before the Court are a motion to dismiss or transfer for improper venue, [Docket No. 11], filed by defendant, HirschBach Motor Lines Inc., (hereinafter "Hirschbach") and a motion to dismiss for lack of personal jurisdiction, filed by defendant William D. Taylor [Docket No. 14]. The motions were filed on March 11, 2011 along with Hirschbach's supporting memorandum. [Docket Nos. 12 and 13]. Plaintiff, however, has failed to respond to said motions; even ignoring an order from this Court to file said responses on or before June 15, 2011. These matters, therefore, are ripe for adjudication. The Court, after reviewing the motions, and the relevant law, is of the opinion that both motions must be GRANTED.

### I.  BACKGROUND

In his Complaint filed in this Court on October 26, 2010, Plaintiff, Freddie Little, alleges that on or about October 26, 2009, in Iberville Parish, Louisiana, he suffered multiple injuries as a result of a motor vehicle accident. Specifically he contends that his vehicle was rear-ended by a Hirschbach Motor Lines Inc. truck driven by its employee, William D. Taylor, while in the course and scope of employment. [Docket No. 1]. Little further alleges that Hirschbach Motor lines Inc. is an Iowa corporation and Taylor is a resident of Arkansas. *Id.* Little seeks damages in the amount of $300,000 for his injuries caused by Taylor's negligence.

Little contends that jurisdiction is invested in this Court through 28 U.S.C. § 1332, diversity jurisdiction since Little is a resident citizen of Rankin County, Mississippi. Taylor, however, moves to dismiss for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2), *see*, [Docket No. 14] and HirschBach moves to dismiss or transfer venue pursuant to 28 U.S.C. §§ 1391 and 1406 (a) [Docket Nos. 10 and 11].

## II. DISCUSSION AND ANALYSIS

This Court agrees with Hirschbach and Taylor's assertion that the Court lacks personal jurisdiction over these defendants. A federal court sitting in diversity may exercise personal jurisdiction only to the extent allowed a state court under applicable state law. *Allred v. Moore & Peterson*, 117 F.3d 278, 281 (5th Cir. 1997), *cert. denied*, 522 U.S. 1048, 118 S.Ct. 691, 139 L.Ed.2d 637 (1998). A "state court or a federal court sitting in diversity may assert jurisdiction if: (1) the state's long-arm statute applies, as interpreted by the state's courts; and (2) if due process is satisfied under the fourteenth amendment of the United States Constitution." *Id*. at 281 (quoting *Cycles, Ltd. v. W.J. Digby, Inc*., 889 F.2d 612, 616 (5th Cir. 1989))(other citations omitted). However, if Mississippi law does not provide for the assertion of personal jurisdiction over either of the defendants, there is no need to consider the due process issue. *Cycles*, 889 F.2d at 616.

Mississippi's Long-Arm Statute, which consists of three prongs-the contract prong, the tort prong, and the doing business prong, provides:

> Any nonresident...corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state or who shall do any business or perform any character of work or service in this state , shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state.

Miss. Code Ann. § 13-3-57.  "Thus, in order to exercise jurisdiction over the defendants, the court must find that (1) the defendants entered into a contract with plaintiff to be performed in whole or in part in Mississippi; or (2) the defendants committed a tort, in whole or in part, against the plaintiff in Mississippi; or (3) the defendants were 'doing business' in Mississippi." *J.T. Shannon Lumber Co., Inc., v. Gilco Lumber, Inc.*, 2008 WL 4372753, *3 (N.D. Miss. 2008).  There is absolutely no allegation that these defendants fit within any of the prongs identified by Mississippi's long arm statute.  There is no allegation that the defendants had a contract with a Mississippi resident or that the defendants were doing business or performed any character of work or service in Mississippi.  Little, however, claims that a tort was committed.  But, that tort occurred in Iberville Parish, Louisiana, *see*, Complaint, at ¶ 5, which obviously is NOT in Mississippi.  Little's residency in Mississippi does not create jurisdiction over a lawsuit arising from a tort committed in Louisiana.  See *Allred*. 117 F.3d at 282 ("[C]onsequences stemming from the actual tort injury do not confer personal jurisdiction at the site or sites where such consequences happen to occur.")(quoting *Jobe v. ATR Marketing, Inc.*, 87 F.3d 751, 753 (5th Cir. 1996).

As the defendants have raised specific questions and demonstrated the lack of personal jurisdiction that this Court has over the claims asserted, it was Little's burden to show that personal jurisdiction exists.  See *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985) (plaintiff bears the burden to show that personal jurisdiction exists when a nonresident defendant moves the court to dismiss for lack of personal jurisdiction).  Having failed to make a peep in response to the defendants' motions, Little has not met his burden.

Additionally, this Court also agrees with Hirschbach's contention that this Court is an improper venue for this action.  Section 1391 (a), authorizes venue based on the following:

3

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). Here, Plaintiff fails to meet a single requirement. Because the defendants do not reside in the same state, Little can not look to 1391(a)(1) to establish venue. *Smith v. Fortenberry*, 903 F.Supp. 1018, 1020 (E.D. La. 1995). Since the alleged tortious conduct did not occur here in Mississippi, venue does not lie in this district or this state. On the other hand, under 1391(a)(2), it appears that venue is proper in the Middle District of Lousiana where the alleged events occurred. See http://www.lamd.uscourts.gov/courtinfo/AreaMapParishes.htm. Under 1391(a)(3), where there is no district in which the action could otherwise be filed, only then may a plaintiff bring a suit a against a defendant where he is subject to personal jurisdiction. In this instance, however, since the action could have been filed in the Middle District of Louisiana, Little can not seek refuge under this subsection of the statute. *Labranche v. Embassy Suites, Inc.*, 1999 WL 58841, *2 (E. D. La. 1999).

Under 28 U.S.C. §1406(a), since this is the improper venue, this Court finds that it is in the interest of justice for this matter to be transferred to the United States District Court, Middle District of Louisiana, where it could have been filed in the first instance. See *Roxco, Ltd. v. Harris Specialty Chemicals, Inc.*, 133 F.Supp.2d 911, 918 (S.D. Miss. 2000).

### III. CONCLUSION

This court finds that neither the Mississippi Long-Arm Statute, Miss. Code Ann. § 13-3-57 (Supp. 2011) nor the Due Process clause of the Fourteenth Amendment to the United States

4

Constitution authorizes it to exercise personal jurisdiction over the defendants in this litigation. Accordingly, this court hereby dismisses this action from its docket and grants a transfer of the lawsuit under Title 28 U.S.C. § 1406 to the United States District Court for the Middle District of Louisiana.

    SO ORDERED, this the 23rd day of June, 2011.

                                        s/Carlton W. Reeves
                                        UNITED STATES DISTRICT JUDGE